**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| **ELVIS LLOYD BRANDON, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:06CV00052 MLM |
| ) | |
| **MOBERLY CORRECTIONAL CENTER,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon its own motion. The Court previously granted plaintiff's motion to proceed in forma pauperis but found that plaintiff's complaint was legally frivolous or failed to state a claim upon which relief can be granted, or both. 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is pro se, the Court allowed plaintiff thirty days from November 16, 2006, in which to file an amended complaint. Plaintiff failed to file an amended complaint, and the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a former prisoner at Moberly Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deliberate indifference to his medical needs. Named as defendants are the Moberly Correctional Center ("MCC"), Unknown Watts (Correctional Officer), Unknown Meyers (Sergeant), Correctional Medical Services (CMS), Mid Missouri Medical, Geneen Wilhite (unknown duties), and Unknown Townsend (Caseworker).

Plaintiff alleges that while he was incarcerated, he was forced to lift heavy objects after suffering an injury to his back. Plaintiff further alleges that he injured his toe and hip and no

restrictions were made regarding his work duties. Plaintiff finally alleges that he needed dentures and that prison staff refused to provide them to him. Plaintiff seeks monetary relief.

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against defendants CMS and Mid Missouri Medical, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993).

**A. Moberly Correctional Center**

Plaintiff's claims against MCC shall be dismissed because MCC is not a "person" for the purposes of § 1983. E.g., Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999). As a result, as to defendant MCC, the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, the Missouri Department of Corrections is a state agency and is entitled to Eleventh Amendment immunity. Id. Accordingly, plaintiff's complaint as to MCC should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.   CMS and Mid Missouri Medical**

Plaintiff has not alleged that a policy or custom of CMS or Mid Missouri Medical caused his injuries. As a result, plaintiff's claims against these defendants do not survive review under 28 U.S.C. § 1915(e)(2)(B).

**C.   Defendants Wilhite and Townsend**

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Wilhite and Townsend were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, plaintiff's claims against Wilhite and Townsend are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**D.    Defendants Watts and Meyers**

Plaintiff's claims against Watts and Meyers are vague and ambiguous, and the Court is unable to determine what plaintiff is attempting to allege against these defendants. As a result, plaintiff's claims against Watts and Meyers are legally frivolous or fail to state a claim, or both.  28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fail to state a claim, or both. 28 U.S.C. § 1915(e)(2).

An appropriate order of dismissal will accompany this Order and Memorandum.


So Ordered this 3rd Day of January, 2007.

                                              _____
                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE